UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOHAMED OMARA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:12-cv-11037-WGY |
| HSBC MORTGAGE SERVICES INC. | ) |
| Defendant. | ) |

DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Defendant HSBC Mortgage Services Inc. ("Mortgage Services") submits this memorandum of law in support of its motion to dismiss the Complaint (the "Complaint") filed by Plaintiff Mohamed Omara ("Plaintiff") under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

I. Introduction.

Plaintiff brings a two count complaint alleging that Mortgage Services violated M.G.L. c. 244, § 35A and that the purported violations of M.G.L. c. 244, § 35A constitute unfair and deceptive practices under M.G.L. c. 93A. The Complaint fails to state a claim upon which relief can be granted for several reasons. First, M.G.L. c. 244, § 35A does not provide for a private right of action. Second, Plaintiff's M.G.L. c. 93A claim is procedurally barred due to his failure to send a demand letter. And third, Plaintiff's M.G.L. c. 93A claim is substantively deficient. Accordingly, the Complaint must be dismissed due its failure to state any viable claim upon which relief can be granted.

## II. Facts.[1]

Plaintiff is the owner of the real property at 33 Derby Street, Revere, Massachusetts (the "Property"). Compl. ¶ 3. As part of a loan transaction, Plaintiff granted a mortgage ("the Mortgage") on the Property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"). On June 11, 2009, MERS assigned the Mortgage to Mortgage Services. At some point, though he does not say exactly when, Plaintiff fell behind on his mortgage loan payments. Thereafter, Mortgage Services accelerated the balance due on the mortgage loan by sending Plaintiff a notice of his right to cure his arrearages (the "Acceleration Letter"). The Acceleration Letter informed Plaintiff, among other things, the total amount owed, the date by which to cure, and to whom payment should be made. Plaintiff did not cure his default, and thus, Mortgage Services commenced foreclosure proceedings under the Mortgage. Plaintiff responded by filing the Complaint.

## III. Arguments And Authorities.

### A. Motion to Dismiss Standard.

A defendant is entitled to dismissal under Fed. R. Civ. P. 12 if the complaint is not "plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The First Circuit "employ[s] a two-pronged approach" when evaluating the adequacy of a complaint. Soto-Torres v. Fraticelli, 654 F.3d 153, 158 (2011). "Step one: isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz v. Republican State Leadership Comm., 2012 WL 414264, at *4 (1st Cir. February 10, 2012). "Step two: take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the

---

[1] For the purposes of this motion to dismiss only, Mortgage Services accepts Plaintiff's allegations as true.

2

pleader's favor, and see if they plausibly narrate a claim for relief." Id. If a court can make such inferences, "the claim has facial plausibility." Ocasio-Hernandez, 640 F.3d at 12. If the court can only make conclusions that are "possible on the facts alleged ... [it] is not enough to survive a motion to dismiss." Jimenez v. Conrad, 2012 WL 1526339,* 3 (1st Cir. May 2, 2012). The make-or-break standard "... is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." Soto-Torres, 654 F.3d at 159 (citing Sepúlveda-Villarini v. Dep't. of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010)).

    B.    <u>Count I Fails A Matter Of Law.</u>

Count I alleges that Mortgage Services violated M.G.L. c. 244, § 15, M.G.L. c. 244, § 35A and M.G.L. c. 183, § 21. Plaintiff, however, does not factually develop his arguments that Mortgage Services violated M.G.L. c. 244, § 15 and M.G.L. c. 183, § 21. Nearly all of his factual allegations surround Mortgage Services alleged failure to send an proper acceleration letter under M.G.L. c. 244, § 35A, except for a single conclusory reference to M.G.L. c. 183, § 21. Regardless of Plaintiff's failure to plead sufficient facts, none of the cited statutes provide a provide right of action upon which Plaintiff can rest his claim.

        *1.    M.G.L. c. 244, § 15, M.G.L. c. 244, § 35A and M.G.L. c. 183, § 21 Do Not Provide A Private Right Of Action.*

Generally a court is reluctant "to infer a private cause of action from a statute in the absence of some indication from the Legislature supporting such an inference ..." Loffredo v. Center for Addictive Behaviors, 426 Mass. 541, 544, 689 N.E.2d 799, 802 (1998). In particular, federal courts are especially hesitant to find a private right of action "[a]bsent an expressed intent by the legislature to create such a cause of action" and without such intention, "none may be construed." Rochleau v. Town of Millbury, 115 F. Supp. 2d 173, 182 (D. Mass. 2000) (quoting Pettingell v. City of Chelsea, 161 Mass. 368, 369–70, 37 N.E. 380

(1894)); see also Travers-Sheik v. Habit Mgmt., Inc., CIV.A.05 11631 GAO, 2006 WL 3775957, *2 (D. Mass. Dec. 20, 2006) (stating that "federal courts generally are reluctant to infer [a private right of action] in the absence of some indication from the legislature that one exists"). Under terms of statutory construction, when "the language of a statute is clear and unambiguous, it is conclusive as to the intent of the Legislature," Passatempo v. McMenimen, 461 Mass. 279, 298, 960 N.E.2d 275, 291 (2012) (quoting Global NAPs, Inc. v. Awiszus, 457 Mass. 489, 496, 930 N.E.2d 1262 (2010)), and "each statute be interpreted as enacted." Commonwealth. v. Gove, 366 Mass. 351, 354, 320 N.E.2d 900, 903 (1974).

None of the statutes that Plaintiff bases Count I contain a private right of action. M.G.L. c. 244, § 15 is a procedural statute used by the purchaser of a property at a foreclosure sale to demonstrate compliance with the power of sale. It does not contemplate nor does it provide any remedy to either the foreclosed former-owner of the Property or to any third party. Failure to comply with M.G.L. c. 244, § 15 does not render a foreclosure void or vest any remedial rights in an aggrieved party. See Bank of New York v. Bailey, 460 Mass. 327, 334, 951 N.E.2d 331, 336 (2011) (consequence of failing to comply with the statute is that the purchaser cannot make a prima facie showing that the foreclosure sale complied with the power of sale).

M.G.L. c. 244 § 35A does not explicitly contemplate a private right of action and provides no remedy under its own terms. Section 35A set forth the protocol for a mortgagee to follow when sending a defaulted borrower a notice of right to cure the loan balance. M.G.L. c. 244 § 35A. The statute, however, has no language that establishes a private cause of action for a violation of its provisions. While the statute defines required conduct, it does not expressly or impliedly create an independent cause of action.

Finally, M.G.L. c. 183, § 21 defines and provides an example of the acceptable power of sale that may be incorporated into a mortgage in Massachusetts: This statute has no language providing for any cause of action, nor does it contain any remedial language.

### C. Count II Fails As A Matter Of Law.

#### 1. Count II Under M.G.L. c 93A Is Procedurally Barred Because Plaintiff Failed To Send The Required Demand Letter.

This Court should dismiss Plaintiff's 93A claim because Plaintiff has failed to fulfill the statute's requirement of a written demand letter. A plaintiff bringing a claim under G.L. c. 93A must, at least thirty days before filing suit, send a demand letter to the potential defendant articulating the alleged unfair and deceptive acts and the injury caused by those acts. G. L. c. 93A, § 9(3). This statutory requirement "is not merely a procedural nicety, but, rather, a 'prerequisite to suit.'" Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 20 (1st Cir. 2004) (quoting Entrialgo v. Twin City Dodge, Inc., 368 Mass. 812, 812, 333 N.E.2d 202, 204 (1975)). A demand letter is an essential element of a G.L. c. 93A claim that a plaintiff must allege and prove. See Spilios v. Cohen, 38 Mass. App. Ct. 338, 342, 647 N.E.2d 1218, 1221 (1995) (affirming dismissal of plaintiff's 93A claim for failure to serve 30 day demand letter. Failure to send the required demand letter is fatal to any alleged 93A violation. Rodi, 389 F.3d at 20; Arazi v. Saxon Mortg. Services, Inc., CIV.A. 11-11356-RGS, 2011 WL 5519914 (D. Mass. Nov. 14, 2011) ("Because of [Plaintiff's] failure to make a written demand, his Chapter 93A claim fails as well."); Okoye v. Bank of New York Mellon, CIV.A. 10-11563-DPW, 2011 WL 3269686, *4 (D. Mass. July 28, 2011) (dismissing 93A claim for failure to send demand letter); McKenna v. Wells Fargo Bank, N.A., CIV.A. 10-10417-JLT, 2011 WL 1100160 (D. Mass. Mar. 21, 2011) (stating that "[b]ecause a demand letter is an essential

element of any claim under Chapter 93A, ... this court need not review Plaintiff's substantive claim under Chapter 93A.").

Plaintiff admittedly failed to comply with the statutory-required demand letter. Compl. ¶ 20. He alleges, however, that the demand letter was not required because Mortgage Services does not maintain a place of business within the Commonwealth. Id. See also M.G.L. c. 93A, § 9(3) ("[I]f the prospective respondent does not maintain a place of business or does not keep assets within the commonwealth" a demand letter is not required"). His reliance on this narrow exception is misplaced. Plaintiff admits and public documents reflect that Mortgage Services maintains assets in the Commonwealth. Under Massachusetts law "'a mortgage vests title in the mortgagee to the land placed as security for the underlying debt. The mortgage splits the title in two parts: the legal title, which becomes the mortgagee's, and the equitable title, which the mortgagor retains.'" Arazi, 2011 WL 5519914, at *3 (quoting Maglione v. BancBoston Mortg. Corp., 29 Mass.App.Ct. 88, 90 (1990)). Mortgage Services became the mortgagee of the Property when MERS assigned it the Mortgage Services. See Compl. ¶ 4. Thus, Mortgage Services holds legal title in the Property, which constitutes an asset in the Commonwealth. When "the mortgage at issue ... is recorded in the Commonwealth and that the security for the mortgage, which gives the mortgage its value, is located in the Commonwealth, there is at least one asset located here in Massachusetts." In re Anderson, 04-44554-JBR, 2006 WL 2786974, *1 (Bankr. D. Mass. Sept. 26, 2006). Consequently, "a mortgagee of '[a] recorded mortgage secured by real property located in the Commonwealth" must be served with a 93A demand letter prior to commencing suit. Okoye, 2011 WL 3269686, at *4. Plaintiff's failure to send such a letter is fatal to Count II.

       *2.*      *Because Plaintiff's 93A Claim Is Derivative Of His Failed G.L. c. 244 § 35A Claim, It Too Fails As A Matter Of Law.*

In order to state a valid Chapter 93A claim, a plaintiff must allege some "unfair or deceptive" conduct. States Res. Corp. v. Architectural Team, Inc., 433 F.3d 73, 83 (1st Cir. 2005). Acts are unfair and deceptive if they "'caused a person to act differently from the way [he] otherwise would have acted.'" Aspinall v. Philip Morris Cos., Inc., 442 Mass. 381, 394 (2004) (quoting Purity Supreme, Inc. v. Atty. Gen., 380 Mass. 762, 777, 407 N.E.2d 297 (1980)). Certain conduct defined in state and federal statutes and regulations is *per se* "unfair or deceptive." G.L. c. 93A, § 2, 9(1); G.L. c. 93, § 49(d). In this case, Plaintiff bases his Chapter 93A claim solely upon the conduct supporting Count I. As stated above, Count I fails as a matter of law. Because the 93A claim is premised upon Count I, it too must fail.

Even if Count I did not independently fail, Plaintiff has not alleged any unfair or deceptive conduct that could constitute a violation of 93A. Failure to provide adequate notice under M.G.L. c. 244, §35A alone does not constitute a violation of M.G.L. c. 93A. Cazales v. HSBC Bank, NA, CIV.A. 12-10263-RGS, 2012 WL 1969320, *3 (D. Mass. June 1, 2012) (holding that under M.G.L. c. 244, § 14, insufficient notice "standing alone, [does not] amount[] to 'unfair or deceptive conduct,' whatever the other consequences.") (citing U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 647 (2011)); Cf. Marley v. Bank of Am., 2012 WL 847374, *4 (D. Mass. Mar. 13, 2012) (noting that technical violation of HAMP does not rise to the level of a M.G.L. 93A violation); Morris v. BAC Home Loans Servicing, L.P., 775 F.Supp.2d 255, 259, 2011 WL 1226974, *7 (D. Mass. Apr. 4, 2011) (same). It is well-settled in this district, that technical violations of HAMP, which does not provide for a private right action, do not give rise to Chapter 93A liability. McBride v. Am. Home Mortg. Servicing Inc., 2012 WL 931247, *3 (D. Mass. Mar. 19, 2012) ("A plaintiff claiming a HAMP-based

7

Mass. Gen. Laws ch. 93A violation still must allege: (1) a violation of the HAMP guidelines; (2) actions that were unfair and deceptive within the meaning of ch. 93A; and (3) economic injury."); see Kozaryn v. Ocwen Loan Servicing, LLC, 784 F.Supp.2d 100, 103 (D.Mass.2011) ("Without further factual detail demonstrating unfairness, as opposed to clerical error or mere negligence, [plaintiff's] claim for a violation of Chapter 93A cannot be sustained."); Morris, 775 F.Supp.2d at 262, 2011 WL 1226974 at *7. ("not every technical violation of HAMP should expose a servicer to Chapter 93A liability.""); Marley, 2012 WL 847374, at *4 ("Even taking the plaintiff's allegations as true, the technical violation of HAMP as alleged does not rise to the level of unfairness that is necessary to sustain a 93A claim.").

Plaintiff's allegations that Mortgage Services did not comply with M.G.L. c. 244 §35A are synonymous to the failed arguments of borrowers who rely upon alleged violations of HAMP. Like HAMP, M.G.L. c. 244, §35A does not provide for a private cause of action. And like HAMP, M.G.L. c. 244, §35A sets forth parameters for conduct by the lender. Plaintiff, in conclusory fashion, alleges that a violation of M.G.L. c. 244, § 35A is a violation of M.G.L. c. 93A. Compl. ¶ 18. This allegation is unsupported and incorrect. Plaintiff essentially argues that an alleged deficiency in the Acceleration Letter (which he admittedly failed to cure) rises to the level of conduct that triggers liability under 93A. The alleged deficiently in the Acceleration Letter is analogous to the "clerical" and "technical" conduct that has been routinely determined by the Courts of this district to be insufficient to establish a 93A claim. Mortgage Services alleged conduct here is nothing more that "trivial clerical flaws"

that are insufficient to form the basis of a M.G.L. c. 93A claim. Morris, 775 F. Supp. 2d at 263.[2] Accordingly, Count II should be dismissed for failure to state a claim.

IV.   Conclusion

For the reasons stated herein, Mortgage Services prays that the Court dismiss Plaintiff's Complaint under Rule 12(b)(6) for failure to state a claim and that the Court grant such other and further relief it deems proper.

>                           Defendant,
>                           HSBC Mortgage Services Inc.
>                           by its attorneys,
>
>                           /s/ Michael R. Stanley
>                           Jeffrey S. Patterson (BBO#671383)
>                           Jeffrey.patterson@nelsonmullins.com
>                           Sean R. Higgins (BBO# 659105)
>                           sean.higgins@nelsonmullins.com
>                           Michael R. Stanley (BBO# 689057)
>                           Michael.stanley@nelsonmullins.com
>                           Nelson Mullins Riley & Scarborough LLP
>                           One Post Office Square, 30th Floor
>                           Boston, MA 02109
>                           p.  (617) 573-4700
>                           f.  (617) 573-4710

Dated: June 18, 2012

CERTIFICATE OF SERVICE

I, Michael R. Stanley, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: June 18, 2012                                          /s/ Michael R. Stanley

---

[2] In addition to allegations of improper notice under M.G.L. c. 244, § 35A, Plaintiff alleges that Mortgage Services failed "to enter good faith a commercially reasonable alternative to foreclosure." Compl. ¶ 13. Mortgage Services is not, however, under any obligation to consider any "commercially reasonable alternative to foreclosure." M.G.L. c. 244 § 35A allows a mortgagee to accelerate the loan balance after 90 days rather than 150 days if it chooses to explore a commercially reasonable alternative to foreclosure. That statute is permissive, not obligatory. Accordingly, Mortgage Services's decision not to offer a commercially reasonable alternative to foreclosure cannot be considered unfair or deceptive conduct giving rise to liability under Chapter 93A.