UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

_____
)
MOHAMED OMARA,                          )
                                        )
            Plaintiff,                  )
v.                                      )          Civil Action No. 1:12-cv-11037-WGY
                                        )
HSBC MORTGAGE SERVICES INC.,            )
                                        )
            Defendant.                  )
_____)

## DEFENDANT HSBC MORTGAGE SERVICES, INC'S ANSWER TO COMPLAINT

Defendant HSBC Mortgage Services, Inc. ("Mortgage Services") responds to the
Complaint filed by Plaintiff Mohamed Omara, ("Plaintiff") as follows:

### Count I: Violation Of G.L. c. 244, §35A

1.      Upon information and belief, Mortgage Services admits the allegations in
paragraph 1.

2.      Mortgage Services denies the allegations in paragraph 2 to the extent they call
for a legal conclusion and denies the factual allegations, except to admit that Mortgage
Services is a Delaware Corporation.   HSBC Mortgage Services Inc. is a wholly-owned
subsidiary of HSBC Finance Corporation which is an indirect wholly-owned subsidiary of
HSBC Holdings plc.   HSBC Holdings plc is incorporated in England with its headquarters
located in London.   HSBC Holdings plc shares are traded in the United States on the New
York Stock Exchange in the form of American Depository Shares.   Additionally, preferred
shares and debt securities of HSBC Finance Corporation are also publically traded in the
United States.

3.      Mortgage Services admits the allegations in paragraph 3, except that it lacks sufficient knowledge to either confirm or deny that the property is Plaintiff's principal residence.

4.      Mortgage Services admits that the mortgage referenced in this paragraph exists and denies any allegations inconsistent therewith.

5.      Mortgage Services lacks sufficient knowledge to admit of deny the allegations in paragraph 5.

6.      Mortgage Services denies the allegations in paragraph 6 to the extent they call for a legal conclusion and denies the factual allegations.

7.      Mortgage Services admits that it sent the document attached to the Complaint as Exhibit A to Plaintiff.  Exhibit A speaks for itself.

8.      Mortgage Services denies the allegations in paragraph 8 to the extent they call for a legal conclusion and denies the factual allegations.

9.      Mortgage Services admits that it filed a Servicemembers Action in the Land Court on March 23, 2012.  Mortgage Services denies the remaining allegations in paragraph 9.

10.     Mortgage Services admits that it filed a Servicemembers Action in the Land Court on March 23, 2012.   Any documents filed in the Servicemembers Action speak for themselves.

11.     Mortgage Services denies the allegations in paragraph 11 to the extent they call for a legal conclusion and denies the factual allegations.

12.     Mortgage Services denies the allegations in paragraph 12 to the extent they call for a legal conclusion and denies the factual allegations.

13.     Mortgage Services denies the allegations in paragraph 13 to the extent they call for a legal conclusion and denies the factual allegations.

14.     Mortgage Services denies the allegations in paragraph 14 to the extent they call for a legal conclusion and denies the factual allegations.

15.     Mortgage Services denies the allegations in paragraph 15 to the extent they call for a legal conclusion.  Mortgage Services denies that it has failed to comply with applicable statutes.

16.     Mortgage Services denies the allegations in paragraph 16 to the extent they call for a legal conclusion and denies the factual allegations.

Mortgage Services denies that Plaintiff is entitled to any of the relief set forth in the "Wherefore" paragraph immediately following paragraph 16.

## Count II: Violation Of G.L. c. 93a

17-20.  Pursuant to this Court's order from the bench on October 11, 2012 dismissing Plaintiff's M.G.L. c. 93A claim, no response is required for paragraphs 17-20, including the "Wherefore" clause immediately following paragraph 20.

## AFFIRMATIVE DEFENSES

### *FIRST AFFIRMATIVE DEFENSE*

Plaintiff fails to state a claim upon which relief may be granted.

### *SECOND AFFIRMATIVE DEFENSE*

Plaintiff has not suffered any damages.

### *THIRD AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred by the doctrine of unclean hands and in pari delicto.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with a condition precedent to suit.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not ripe.

WHEREFORE, Mortgage Services respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and enter such other or further relief as the Court deems appropriate under the circumstances.

Defendant,
HSBC Mortgage Services Inc.
by its attorneys,

/s/ Michael R. Stanley
Jeffrey S. Patterson (BBO#671383)
jeffrey.patterson@nelsonmullins.com
Sean R. Higgins (BBO# 659105)
sean.higgins@nelsonmullins.com
Michael R. Stanley (BBO# 689057)
michael.stanley@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, MA 02109
p.  (617) 573-4700
f.  (617) 573-4710

Dated: October 22, 2012

### CERTIFICATE OF SERVICE

I, Michael R. Stanley, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: October 22, 2012                    /s/ Michael R. Stanley